```
IN THE COURT OF APPEALS                    FILED
AT KNOXVILLE
                                           June 25, 1998

                                           Cecil Crowson, Jr.
                                           Appellate Court Clerk

MICKEY ATKINS,                  )    COCKE JUVENILE
                                )    C.A. NO. 03A01-9708-JV-00337
                                )
      Petitioner-Appellant      )
                                )
vs.                             )
                                )    HON. C. PHILLIP OWENS
                                )    JUDGE
                                )
TAMMY SUE GROOMS and            )
JEFFREY CHARLES GROOMS,         )
                                )
      Respondents-Appellees     )    AFFIRMED AND REMANDED
```

REBECCA D. SLONE, Slone & Slone, Dandridge, for Appellant.


WILLIAM M. LEIBROCK, Newport, for Appellees.


JOHN KNOX WALKUP, Attorney General and Reporter, and SUE A.
SHELDON, Assistant Attorney General, for Intervenor, STATE OF
TENNESSEE.



                        O P I N I O N

                                        McMurray, J.



     The plaintiff in this action sought a decree of paternity and

to legitimate a child, Jeffrey Chase Grooms, of whom he claimed to

be the biological father.  At the time of Jeffrey's birth, the

appellee,Tammy Grooms,(the mother) was legally married to appellee,

Jeffrey Charles Grooms.  The trial court dismissed Atkins' petition under the res judicata doctrine, finding that the previous decree of divorce between the appellees had conclusively determined that the appellees were the legal parents of the child.  The trial court also found that Atkins had no standing to file a paternity or legitimation petition.

A recent Supreme Court case, Evans v. Steelman, No. 01S01-9701-JV-00019, 23 TAM 14-4 (March 30, 1998), is dispositive of this appeal.  In Evans, the court held that "the phrase 'not born in lawful wedlock,' as used in Tenn. Code Ann. § 36-2-202(a), applies only to a child born to an unmarried woman."  Id. at p.3.  Thus, the court found that a putative father has no standing to legitimate a child born to a married woman.  Id.

The Evans court did not directly address the issue of a putative father's standing to file a paternity action.  However, T.C.A. § 36-2-103(a)(1) states that "[a] petition to establish paternity of a child ... may be filed ... by any person."  T.C.A. § 36-2-101(1) defines "child" as "a child born out of lawful wedlock."  Under Evans, we construe "child born out of lawful wedlock" to mean a child born to an unmarried woman.  Thus, Atkins has no standing to file a paternity action because Ms. Grooms was married at the time of the child's birth.

2

Atkins argues that an interpretation of the legitimation and paternity statutes which disallows him to file his petitions violates his due process and equal protection rights under the U.S. and Tennessee Constitutions. The _Evans_ court rejected identical contentions by the petitioners. _Evans_, _supra_, at pp. 7-9.

We find it unnecessary to address the issue of _res judicata_.

We affirm the trial court's judgment on the grounds that Atkins had no standing to file either a paternity or legitimation petition, under the Supreme Court's ruling in _Evans_. The petitions are dismissed and the case remanded. Costs on appeal are assessed to appellant.

_____
Don T. McMurray, Judge

_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge

3

IN THE COURT OF APPEALS
AT KNOXVILLE


MICKEY ATKINS,                      )   COCKE JUVENILE
                                    )   C.A. NO. 03A01-9708-JV-00337
                                    )
        Petitioner-Appellant        )
                                    )
vs.                                 )
                                    )   HON. C. PHILLIP OWENS
                                    )   JUDGE
                                    )
TAMMY SUE GROOMS and                )
JEFFREY CHARLES GROOMS,             )
                                    )
        Respondents-Appellees       )   AFFIRMED AND REMANDED


**<u>JUDGMENT</u>**


This appeal came on to be heard upon the record from the Juvenile Court of Cocke County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court. The petitions are dismissed and the case remanded. Costs on appeal are assessed to appellant.


PER CURIAM